JUDGE SULLIVAN

13 CV 8801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
AVRAHAM LEHRER,

                  Plaintiff,

   -against-

METROPOLITAN TRANSPORTATION
AUTHORITY, MTA POLICE OFFICER ADAM
JUTZE, and JOHN DOES 1-2, POLICE
OFFICERS of the MTA POLICE
DEPARTMENT,

                  Defendants.
------------------------------------------------------x

COMPLAINT
AND JURY DEMAND

No.

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against the Metropolitan Transit Authority (the "MTA"), Police Officer Adam Jutze, and two John Doe Officers of the MTA Police Department, arising out of the false arrest, unlawful imprisonment, and humiliation of plaintiff, Avraham Lehrer.

2. On December 14, 2010, members of the MTA police department, the names of whom are presently unknown, as well as defendant Officer Jutze, acting under the color of state law, intentionally and willfully subjected Plaintiff to, *inter alia*, false arrest, false imprisonment and detention for acts of which Plaintiff was innocent.

3. Defendants humiliated Plaintiff, who is an observant Jew, by throwing his sacred religious paraphernalia on the ground and allowing dogs to sniff it. This unreasonable seizure of plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Plaintiff, Avraham Lehrer, through his attorneys, complaining of the defendants, respectfully alleges:

1

## JURISDICTION

5. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Pendant jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims are asserted.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

7. Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

8. Plaintiff at all times relevant hereto resided in the City and State of New York, County of Kings.

9. Defendant MTA is a New York State chartered public-benefit corporation established in 1967 under New York State Public Authorities Law 1263. Its headquarters are located at 347 Madison Avenue, New York, NY.

10. The MTA is empowered by the Public Authorities Law 1266-h to maintain a Police Department which acts as its agent in the areas of security and law enforcement, and for which it is ultimately responsible.

11. In 1998, the Police Departments of the Long Island Railroad and Metro-North Railroad merged to become the MTA Police Department.

12. The MTA Police Department provides full police services throughout the three regions of the MTA system.

13. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances,

regulations, policies, customs and usages of the City of New York and the State of New York.

14. Defendant Adam Jutze, sued in both his official and individual capacities, is a police officer of the MTA Police Department and was acting in such capacity at all times relevant herein.

15. Defendants John Does 1-2, sued in both their official and individual capacities, are police officers of the MTA Police Department and were acting in such capacity at all times relevant herein.

## FACTUAL ALLEGATIONS

16. Plaintiff is a private investigator.

17. On December 2, 2010, plaintiff traveled to the Long Island Railroad train yard at 401 10th Avenue in Manhattan to investigate an employee of the MTA.

18. Plaintiff parked on 10th Avenue near the train yard and never left his car.

19. On December 14, 2010, at approximately 7:37 a.m., plaintiff returned to the vicinity of 401 10th Avenue to again attempt to obtain information on the same MTA employee.

20. This time, plaintiff approached the security building and inquired as to who was permitted to park in the MTA area.

21. Plaintiff returned to his car to drive away.

22. As plaintiff drove away an MTA police car ordered plaintiff to stop his vehicle in the vicinity of 33rd Street in Manhattan.

23. Two unknown MTA police officers – John Does 1-2 – then asked plaintiff to exit his vehicle and told plaintiff that he was not allowed to approach the security building.

24. Plaintiff was then placed in handcuffs and charged with Criminal Trespass in the Third Degree.

25. One of the John Doe Officers searched plaintiff's vehicle without having any right to do so while plaintiff was in custody.

26. At some point, while the plaintiff was still at the scene, the MTA police brought over a canine unit.

27. Plaintiff is an observant Jew and carries around with him tefillin, a set of small black leather boxes containing scrolls of parchment inscribed with verses from the Torah, which are worn by observant Jews during weekday morning prayers.

28. John Doe 1 or John Doe 2 threw plaintiff's tefillin to the ground so that the dogs from the canine unit could sniff the tefillin.

29. Plaintiff was humiliated at his treatment.

30. Plaintiff was taken to Pennsylvania Station and held in custody.

31. Defendant Officer Adam Jutze spoke with plaintiff and learned that plaintiff had been arrested without probable cause, but refused to release him.

32. Plaintiff spent nearly 36 hours in detention.

33. Plaintiff took an adjournment in contemplation of dismissal (ACD) to resolve the false criminal charges against him.

34. The arrest of the plaintiff was committed by defendants without legal process and without probable cause.

35. Defendants acted maliciously and intentionally.

36. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property.

## FIRST CLAIM FOR RELIEF
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

37. Paragraphs 1 through 36 are herein incorporated by reference.

38. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

39. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

40. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally as follows:

A. In favor of plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(FOURTH AMENDMENT)

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendants John Does 1-2 and Officer Jutze arrested Plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

43. That as a result of the foregoing, plaintiff has been deprived of the following rights, privileges and immunities secured to him by the Constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and

Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally as follows:

A. In favor of plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. Defendants John Does 1-2 and Officer Jutze illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

47. That as a result of the foregoing, plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

48. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
(RESPONDEAT SUPERIOR)

49. Paragraphs 1-48 are incorporated herein by reference.

50. Defendant MTA is liable for the actions of the individual defendants under the doctrine of *respondeat superior*.

JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       December 11, 2013

By: _____
    Brian L. Bromberg
    One of Plaintiff's Attorneys


Attorneys for Plaintiff

Brian L. Bromberg
Jonathan Miller
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036